IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

CONSOLIDATED APPEALS NO. 23-1204; NO. 23-1205


UNITED STATES OF AMERICA,

APPELLEE

V.

KALEL JORELL MARTINEZ-BRISTOL

APPELLANT


ON APPEAL FROM A JUDGMENT OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
(HON. AIDA DELGADO-COLON, DISTRICT COURT JUDGES)


APPELLANT'S BRIEF

RAYMOND SÁNCHEZ MACEIRA
USCA #34191
PO BOX 191972
SAN JUAN, PUERTO RICO 00919
TEL 721-3370/FAX.: 721-4706

# TABLE OF CONTENT

I.  Statement Of Jurisdiction ......................................................................4

II.  Statement Of The Issues On Appeal ....................................................5

III.  Statement Of The Case .......................................................................5

IV.  Statement Of Facts.............................................................................11

V.  Summary Of The Argument ...............................................................16

VI.  Arguments And Applicable Law .......................................................16

VII.  Conclusion..........................................................................................21

VIII. Certificate Of Compliance With Typeface ......................................21

IX. Certificate Of Service .........................................................................22

X.  Addendum Pursuant To Local Rule 28...............................................23

# TABLE OF AUTHORITIES

**Cases**                                                             **Pages**

United States v. Mulero-Díaz, 812 F.3d 92, 97 (1st Cir. 2016). ............................17

Morrissey v. Brewer, 408 U.S. 471, 489 (1972)......................................................17

United States v. Rondeau, 430 F.3d 44, 48 (1st Cir. 2005) ...................................17

United States v. Nieves-Castano, 480 F.3d 597, 599-602 (1st Cir. 2007) ..............19

U.S. v. Tanco-Baez, 942 F.3d 7, 26 (1st Cir. 2019) ................................................19

 U.S. v. Torres Pérez, 22 F.4th 28, 33 (1st Cir. 2021). ............................................19

United States v. Colón-Maldonado, 953 F.3d 1, 3 (1st Cir. 2020)........................25

United States v. Ayala-Vazquez, 751 F.3d 1, 28 (1st Cir. 2014)  .........................20

## Statutes

Rule 4(b)(1)(a) of the Local Rules of Appellate Procedure .....................................5

28 U. S. C. § 1291 .....................................................................................................5

18 U.S.C. § 924(c) .....................................................................................................5

18 U.S.C. §§ 922(g)(1) and 924(a)(2). ...............................................................6,11

26 U.S.C. §5845(a) ............................................................................................6,12,14

USSG §2K2.1(a)(3) .................................................................................... 12

USSG §2k2.1(a)(3)(A)(i)......................................................................................14

Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure..............................21

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

CONSOLIDATED APPEALS NO. 23-1204; NO. 23-1205

UNITED STATES OF AMERICA,

Appellee,

V.

KALEL JORELL MARTINEZ-BRISTOL

Appellant,

**TO THE HONORABLE COURT:**

Herein appears Appellant and very respectfully states and prays as follows:

## I. STATEMENT OF JURISDICTION

This is a direct appeal from two judgments, a 46 months of imprisonment sentence imposed on February 6, 2023, (Crim No.: 21-233(ADC), Appeal No.: 23-1204), (***See Add. p. 1-7, ECF#77***) and a judgment on revocation of supervised release of 15 months imposed on February 9, 2023, in Crim No. 11-241(ADC) (Appeal No.: 23-1205) (***See Add. p. 1-7, ECF# 7098[1]***) Both are to run consecutive to each other.

---

[1] References to the record will be as follows: ECF# (Electronic Court Filing, District Court); p. (page); pp. (pages); U.S.C. (United States Code); Add. (Addendum Pursuant to Local Rule 28); COPTr. (Change of Plea Hearing transcript of September 9, 2023 at ECF# 82(Crim Case # 21-233(ADC); SH (Sentencing Hearing Transcript of February 6, 2023, at ECF# 83 in 21-233(ADC); RH (February 9, 2023, Revocation Hearing, ECF # 7134 in 11-241(ADC) (App. #, Appendix)

Under Rule 4(b)(1)(a) of the Local Rules of Appellate Procedure requires that a notice of appeal in a criminal case be filed at the clerk's office within fourteen (14) days after either (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal. On February 18, 2023, Appellant timely filed his notice of appeal in Criminal Case #21-233(ADC) (ECF# 71) and on February 18, 2023, in Crim. No. 11-241(ADC) (ECF#7095). Since, a timely notice of appeal was filed in all cases, as required under Rule 4(b) of the Federal Rules of Appellate Procedure, this Court has jurisdiction to review the aforesaid judgments pursuant to 28 U. S. C. § 1291.

## II. STATEMENT OF THE ISSUE ON APPEAL

1) THE COURT VIOLATED APPELLANT'S DUE PROCESS AND LIMITED CONFRONTATION RIGHTS BY IMPOSING A PROCEDURALLY UNREASONABLE REVOCATION SENTENCE RELYING ON EXPERT WITNESS STATEMENTS WITHOUT ALLOWING THE DEFENDANT'S COUNSEL TIME TO PREPARE FOR A LIMITED CROSS EXAMINATION.

## III. STATEMENT OF CASE

### CRIM. CASE #11-241(ADC)

On June 27, 2011, Appellant was the subject of a two count federal indictment charging a violation of 21 USC Sec. 841, 846 (Conspiracy to Posses With intent to Distribute Narcotics) and a violation of Title 18 U.S.C. § 924(c) and 2 (Aiding and Abetting; Use or Carrying of Firearms During and in relation to Narcotics

Trafficking Offenses) On March 27, 2013, Appellant was sentenced to 87[2] months of imprisonment and eight years of supervised release. (ECF# 3502 in Crim. No. 21-241) On February 15, 2019, Appellant commenced his term of supervised release, and the expiration date of his supervised released was February 14, 2027.

## CRIM. CASE # 21-233(ADC)

On June 23, 2021, Mr. Martinez was indicted and charged with a violation of Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as a Prohibited Person (Felon) carrying a firearm and ammunition: in violation of Title 18 U.S.C. §922(o), (Possession of a Machinegun) (ECF# 1 in 21-233(ADC) )

On September 9, 2022, Appellant pled guilty to Count One of the Indictment and admitting commincting the instant offense subsequent to sustaining one felony conviction of either a crime of violence or controlled substance offense and the firearm involved in the instant offense as described in 26 U.S.C. §5845(a). (ECF# 66 in 21-233(ADC). Pursuant to the terms of the plea agreement Apellant addmitted held accountable for committing the instant offense subsequent to sustaining one felony conviction of either a crime of violence or controlled substance offense and the firearm involved in the instant offense was described in 26 U.S.C. §5845(5).

---

[2] On December 17, 2015, the term of imprisonment was reduced to seventy-eight (78) months pursuant to title 18 U.S.C Sec. 3582(c)(2).

The plea agreement did not describe the weapon possessed by Mr. Martinez as a Machinegun.  (ECF# 64 at 21-233(ADC), App.# 1) The Presentence Report (PSR) was filed on November 10,2022, and the probation officer noted that the weapon possessed by Mr. Martinez, "had a visible machinegun conversion device, commonly known as "Chip", attached to the rear of the slide" at Paragraph 15, p. 5 of the PSR, (ECF 71, Crim Case 21-233(ADC) Appellant did not object to the Probation Office description.

On February 6, 2023, the district court held the sentencing hearing and also held the revocation hearing in 11-241(ADC). (ECF# 76 in 21-233(ADC)) Before imposing sentence Appellant argued that one of the benefits of the plea agreement was that count two (Machine Gun) was going to be dismissed, so that Appellant could argue for a Grade B violation in the revocation proceedings. (SH at p. 3, Lines 5-10, App # 2)   Also, that Appellant was under the impression that the government was going to recommend a Grade B violation in the revocation hearing. (SH at p. 3, lines 17-20) The government, on the day of the sentence, indicated that it was pursuing a Grade A violation at the revocation hearing. With such scenario the district court continued the Revocation hearing for February 9, 2023, at 10:00 am. (SH at p. 22, lines 11-12, App # 3)

The sentencing hearing proceeded on 21-233(ADC). After receiving allocution from the parties, the Court imposed a sentence of forty-six (46) months of imprisonment as to Count 1, to be served consecutively with any term imposed at the time of revocation in Case No. 11-cr-241-062(ADC). Count Two (2) (Machinegun Count) was dismissed as requested by the government. (SH at p. ECF# 83 at p. 23, line 3)

The court considered that the the evidence within the case pointed to the fact that there was a machine gun in this case. (SH at p. 9, Lines 6-7, App. #4) and that the weapon possessed by Mr. Martinez was a machine gun. (SH at p. 13, Line 14 - 15, App. # 5) Appellant did not object to the Court's characterization of a Machine Gun.

REVOCATION PROCEEDINGS

**CRIM. CASE #11-241(ADC)**

On February 9, 2023, at 10:05 am the parties returned to Court for the final Revocation hearing. (ECF# 7097 in Crim. #11-241) None of the parties presented any witnesses[3]. During the hearing Appellant argued in favor of a Grade B violation, since he had not pleaded guilty or admitted any facts in case #21-233(ADC), that the weapon he possessed was a machine gun. (RH at p. 3, lines 16-21)

---

[3] The Honorable Court had ordered parties that if the revocation hearing was going to be contested, parties were to submit information regarding the projected number of witnesses. (ECF# 7067)

During the revocation proceedings, Appellant requested the Court to use the guidelines as to Criminal History I for a range of 4 to 10 months of imprisonment. The government responded in opposition to Appellant's arguments asserting this is a Grade A violation case. After hearing the parties' arguments, the Court determined it is a Grade A violation case. The parties disagree as to whether the firearm was considered a machine gun. (RH at p. 5, Lines 10-18)

After having heard the parties, the Court indicated it would be recalling the case at 11:30 am, an hour after the revocation hearing started, to enable the government to present evidence. (RH at p. 15, lines 5-9)

The revocation hearing was recalled and before the revocation hearing started Mr. Martinez requested additional time to challenge the government's evidence. (RH at p. 16, Lines 18-21, p. 18, lines 3-6) The court indicated that counsel had the expert report in 21-233(ADC) and that it was not new evidence. (RH at p. 17, Line 21)

Appellant explained why he did not challenge the expert report in 21-233(ADC) and when ask how counsel was going to challenge the report, counsel informed the court that he needed to discuss the issue with his client to see whether he wanted to presented evidence to challenge the expert's report. (RH at p. 19-Lines 1-5, App. #6) Also Counsel Informed the court that in order to challenge the report, he might need to hire an expert. (RH at p. 19, lines 7-9, App # 6) That the decision

to hire an expert would need to be discussed with his client. (RH at p. 21 Lines 10-11, App. # 7)

The District Court then ordered the government to proceed to present witness ATF Agent Raul Pena by way of proffer. (RH at p. 28, Line 16) Counsel for Appellant indicated that if evidence was going to be presented by way of proffer, Counsel will have to cross examine and he will need to prepare. (RH at p. 29, Lines 7-9, App # 8) When the district court questioned the attorney as to why he needed to prepare since the the court gave counsel "from Monday to Tuesday and you knew that we were going to discuss this issue" (RH at p. 29, Lines 10-12, App. # 8) Counsel indicated that he did not now that the court was going to received evidence. (RH at p. 29, Lines 13, App. #8) Counsel repeatedly indicated to the Court that he needed to confer with his client before cross examination. (RH at p. 31, Lines 19-23, App. # 9)

The court gave the Appellant three options either to receive the evidence by way of direct and counsel could cross, to receive the expert testimony by the proffer taken as direct and counsel for Appellant could cross and the witness, then he's not waiving anything, or Appellant could accept the proffer. (RH at p. 34, lines 3-5, App. #10)

The court ordered the government to proceed by proffer. (Rh at p. 37, Lines 7-8) When the proffer was over, the court asked counsel for Appellant to cross the

government's agent, and counsel for Appellant indicated that he could not, because he was not ready to cross-examine the witness. (RH at p. 39, 26, and p. 40, Lines 1-3) The Court determined a Grade A violation. (RH at p. 40, Lines 13) The government requested the statutory maximum of 3 years to be served consecutively to the sentence already imposed in case 21-cr-233-01(ADC), and Appellant requested the minimum term of imprisonment. After having heard the parties, the Court found that the Appellant violated the conditions of supervised release, revoked the supervised release term and sentence appellant to fifteen (15) months imprisonment, consecutively with the sentence imposed in Case No. 21-cr-233-01(ADC). This appeal follows.

## IV. STATEMENT OF RELEVANT FACTS

The defendant, Kalel Jorell Martinez-Bristol, was the subject of a Two Count Indictment rendered by a District of Puerto Rico Grand Jury on June 24, 2021. The defendant was charged in Counts One and Two, that is, violation of Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Prohibited Person of Firearm and Ammunition: Felon; and Title 18 U.S.C. §922(o), Possession of a Machinegun.

On August 12, 2023, Appellant received an email plea offer in Crim Case 21-233(ADC) from the government. (App# 11) The Government offered to dismiss count two of the indictment (Machine Gun Count). Also, that Appellant could argue in the revocation proceedings in case 11-241(ADC) for a Grade B violation instead

of the Grade A violation. Both parties started to negotiated and Appellant requested that all references to a Machine Gun be deleted from the Plea Agreement and the Statement of facts and the government accepted. (App # 12)

On September 9, 2022, Appellant signed and filed his Plea Agreement with no wording or mention regarding the Machine Gun or its descripcion in 21-233. (ECF# 64) On November 10, 2022, Appellant received its Presentce Report. ( ECF# 71, 21-233(ADC)) at Parraphaph 15 the probation officer mentioned that: "The aforementioned firearm had a visible machinegun conversion device, commonly known as "Chip", attached to the rear of the slide." (Id)

The PSR calculated Mr Martinez' base offense level 22 because the offense involved a firearm that is described in 26 U.S.C. §5845 and the defendant committed the instant offense subsequent to sustaining on felony conviction of a controlled substance offense (Criminal Case No. 11-241-062), and calculated the base offense in 22 levels. USSG §2K2.1(a)(3). Three levels were decrease since Appellant clearly demonstrated acceptance of responsibility for the offense under USSG §3E1.1(a) and another level since the Appellant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty, under USSG §3E1.1(b). Based upon a total offense level of 19 and a criminal history category of IV, the guideline imprisonment range was calculate from 46 months to 57 months.

On February 6, 2023, the Court held the Sentencing hearing. After hearing allocution from parties, the court imposed 46 months of imprisonment, the lower end of the Applicable guidelines, consecutively to the revocation proceedings in 11-241(ADC).

The court then called the revocation hearing. Before the Revocation hearing was held, Counsel informed the court that <u>for the first time</u> the government advised that it was moving to request a Grade A violation, and that the issue had never been discussed with the Appellant. It was Appellant's impression that the government was not going to request a Grade A violation, instead of a Grade B violation for the revocation proceedings. (ECF#83 p. 3, Lines 17-20) After imposing sentence the Court continued the revocation proceedings (ECF# 83 page 21 Lines 23-25) The Court did so to allow counsel: "to discuss and appraise the Defendant of where he stands and where the government stands. (ECF# 83, p. 22) The Court rescheduled the revocation hearing for February 9, 2023.

On February 9, 2023, the court held the revocation hearing. Counsel informed the Court that he was ready to argue that Appellant committed a grade B violation and that the court should consider a grade B violation for Guidelines calculation. (RH, p. 3, Lines 1-6)

In essence Appellant argued that his violation to the Supervise release was a grade B violation. The appellant continued arguing that he had not pleaded to a

machine gun and that his plea agreement and statement of fact, were silent as to the Machine Gun definition. The government argued that the fact that the PSR in Criminal Case 21-233, stated at paragraph 15 of the PSR, stated that the weapon Mr. Martinez possesed "had a visible machine gun conversion device commonly known as a chip attached to the rear of the slide" (RH at Page #5 Lines 11-17)  Apellant argued that the relevant conduct in 21-233(ADC) did not pointed to a machine gun definition under 26 USC §5845(b). (RH at p. 7, Lines 5-15)

After listening to the parties, the Court recalled the case in order for the government to present discovery. (RH at p. 12) Counsel for Appellant informed that we were unable to contest the information that same day.  (RH p. 13 Lines 16-20)

The Court recessed the case at 10:30 am and recalled the case at <u>11:30 am</u> so that the government could present the discovery in crim. case 21-233(ADC). (RH at p. 15) Court court keep insisting that counsel had every opportunity to challenge the Machine Gun definition in 21-233(ADC), but counsel explained that the Machine Gun count was dismissed. (RH p. 18, lines 10-24)

The court government faulted Appellant for not objecting to the PSR's base offense calculations. (RH p. 20, lines 1-18) This was a clear error, as the PSR calculation used in the plea agreement *is the same* whether the weapon is a machine gun or not. See USSG §2k2.1(a)(3)(A)(i). The court understood that counsel wanted to distort the record (RH p. 28 lines 13-19) and therefore ordered the government to

present a witness. (RH p. lines 13-23) The court inquired counsel that since the government witness (Weapons Expert) was going to proceed by proffer, if counsel wanted to hear the testimony, we would go that route. (RH p. 29, Lines 1-6) Counsel indicated that if testimony was going to be presented under oath, we will have to cross examination and we will need time to prepare. (RH p. 29, lines 7-12)

So, in matter of minutes counsel for Appellant was faced with either received direct testimony and to cross, received the testimony by proffer as direct and cross the witness, or he accepts the proffer. (RH p. 34 lines 2-5)

The court received the expert witness by way of proffer. (RH at p. 37 to 38) When the court asked counsel for Appellant if he wanted to cross examine, counsel indicated that he could not cross-examine because he was not ready.  (RH at, p. 39 Lines and p. 40 lines 1-2)

When asked if counsel agreed with the weapons expert proffer, we indicated that it did not matter whether the defendant agreed with the proffer, as the law allows the court to receive hearsay in revocation proceedings. (RH at p. 40, Lines 2-9) After listening to the parties and the court imposed a 15 months' imprisonment, the middle of the guidelines range under §7B1.4(a). (RH at p. 44 Lines 1-8)

Appellant understands that the court violated due process and imposed a procedurally unreasonable revocation sentence when it relied on expert witness

statements without providing a meaningful opportunity to Mr. Martinez to prepared for the limited right to confront adverse witness under Rule 32.1(b)(2)(C).

## IV.  SUMMARY OF THE ARGUMENT

Mr. Martinez contends that the District Court erred in revoking his supervised release term, because its finding that Martinez he had committed a Grade A violation, and not a Grade B violation, was the product of receiving testimony from an expert witness, which the court did not provide sufficient time to his attorney to confer with his client, if he wanted to hire an expert of its own or just prepare an effective cross examination.

It was impossible for counsel to prepare for an, albeit limited cross-examination, when the witness was informed that he was going to testify one hour before the revocation hearing.

## VI. ARGUMENTS AND APPLICABLE LAW

1) THE COURT VIOLATED APPELLANT'S DUE PROCESS AND LIMITED CONFRONTATION RIGHTS BY IMPOSED A PROCEDURALLY UNREASONABLE REVOCATION SENTENCE RELAING ON EXPERT WITNESS STATEMENTS WITHOUT ALLOWING THE DEFENDANT COUNSEL TIME TO PREPARE FOR A LIMITED CROSS EXAMINATION

ISSUES I
(STANDARD OF REVIEW)

Preserved claims of error arising out of a judge's handling of revocation proceedings are typically reviewed for abuse of discretion. See United States v. Mulero-Díaz, 812 F.3d 92, 97 (1st Cir. 2016).

Here, Appellant on multiple occasions indicated to the Court that he was not prepared to cross examine an expert witness that was announced an hour before the hearing. The court nonetheless ordered the government witness to proceed by proffer. Mr. Martinez respectfully alleges that his claim should be reviewed under the abuse of discretion standard of review.

## ARGUMENT

The defendant in a supervised release revocation hearing enjoys a limited right to confront adverse witnesses both under Federal Rule of Crim. Proc. 32.1(b)(2)(C), which provides that a defendant in a revocation proceeding may "question any adverse witness unless the court determines that the interest of justice does not require the witness to appear," and the Due Process Clause of the Fifth Amendment. See Morrissey v. Brewer, 408 U.S. 471, 489, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972) (holding that constitutional due process requires that a defendant in a parole revocation proceeding have "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)"); United States v. Rondeau, 430 F.3d 44, 48 (1st Cir. 2005)

(acknowledging that a defendant in a supervised release revocation proceeding has "a limited confrontation right under Fed. R. Crim. P. 32.1(b)(2)(C)").

Mr. Martinez contends that the district court erred in revoking his supervised release term, because its finding that he had committed a Grade A violation, and not a Grade B violation, was the product of receiving testimony from a witness, which the court did not provide sufficient time to his attorney to prepare for cross examination or to hire an expert to contest the Grade of the supervised release violation.

A Grade A violation involved the possession on of a Machine Gun as define under 26 USC §5845(b). The statute defines Machine Gun as a weapon that is capable of firing "more than one shot without reloading, by a single function of the trigger" Appellant admitted possession of a weapon in 21-233(ADC), but not of a machine gun. If the weapon he admitted possessing was not a machine gun, then he was exposed to a Grade B violation for revocation, with a lower guideline range.

Here the Court relied on expert testimony and did so without providing sufficient time to the Appellant to prepare for the expert testimony. The court forced Appellant in matter of one hour, to prepare for the testimony of a witness, when no witness was announced by the parties.

This action cause prejudice to Mr. Martinez. Mr. Martinez argued in the revocation, that in the case 21-233(ADC), he had not admitted that the weapon he

possessed was a machine gun. More so, the machine gun count under 18 U.S.C. § 922(o), in 21-233(ADC) was dismissed. Count Two in 21-233 required that a defendant have knowledge of the characteristics that bring a gun within the statutory definition of a machine gun under federal law. United States v. Nieves-Castano, 480 F.3d 597, 599-602 (1st Cir. 2007); U.S. v. Tanco-Baez, 942 F.3d 7, 26 (1st Cir. 2019); U.S. v. Torres Pérez, 22 F.4th 28, 33 (1st Cir. 2021). In case 21-233 Mr. Martinez never admitted that the weapon he possed was capable to firing "more than one shot without reloading, by a single fuction of the trigger" (See 26 USC §5845(b))

The court understood that Appellant was contesting the grade of the violation and and ordered the Government to introduce into evidence the testimony of an expert. Then it provided one hour for the Appellant's attorney to prepare for cross-examination. The Expert testified by way of proffer that the weapon possessed by Mr. Martinez was a machine gun but did not establish that Martinez had knowledge of the characteristics that bring a gun within the statutory definition of a machine gun under federal law. That is precisely the difference between a Grade A violation and a Grade B violation, possession of a machine gun. Mr. Martinez is aware that a district court may revoke a term of supervised release if the government proves by preponderance of the evidence that the releasee violated a release condition. See United States v. Colón-Maldonado, 953 F.3d 1, 3 (1st Cir. 2020); 18 U.S.C. § 3583(e)(3).

Mr. Martinez respectfully understand that the court was bias and frustrated as to why Appellant was challenging something that for the district court was obvious. But it was not obvious. Mr. Martiez never admitted that he possessed a machine gun in 21-233(ADC). He negotiated his plea agreement in 21-233, avoiding any mention of the definition of a machine gun, the government agree eliminate any mention in the plea of a machine gun, and also the government agree to dismiss Count two of the indictment that promoted the revocation, the same count that included the machine gun definition.

The court was within its power not to fallow the parties' recommendations, but by ordering the government to present expert witness testimony, and in less than an hour expected counsel to be prepare for cross-examination, is a violation to basic due process rights. A judge presiding over a revocation hearing must act in two roles when deciding whether a violation has occurred: the judge must be both an "unbiased neutral arbiter []" and a factfinder. United States v. Ayala-Vazquez, 751 F.3d 1, 28 (1st Cir. 2014)

Here, the court's frustration with Appellant, who was only arguing what he had bargained for, shows and uncommon bias of Judge Delgado-Colon, that this Court must take a closer look and revoke the revocation judgment and send the case to a different judge for resentencing.

## VII. CONCLUSION

For the reasons set forth above, it is hereby very respectfully requested from this Honorable Court the the District court revocation sentence be vacated, and that the case be remanded for resentencing.

## VIII. CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH LIMITATIONS TO THE HONORABLE COURT OF APPEALS FOR THE FIRST CIRCUIT:

1.    This brief has been prepared using Times New Roman, and Word 2011 software pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure.

2.    This brief does comply with the word/line limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure.  The Brief contains 4571words.

I understand that a material misrepresentation can result in the Court striking the brief or imposing sanctions.  If the Court so directs, I will provide a copy of the word or line printout.

**RESPECTFULLY SUBMITTED.**

At San Juan, Puerto Rico, October 11, 2023.

**S/**RAYMOND SÁNCHEZ MACEIRA
USCA #34191
COUNSEL FOR APPELLANT

# IX. CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That on October 11, 2023, I electronically filed the foregoing with the clerk of the court using CM/ECF system which will send notification of such filing to the following: The Assistant United States Attorney in charge of the case, and that I have sent a copy of this brief by regular mail to Appellant Kalel J. Martinez-Bristol, Reg # 37597-069 at his address of record: FCI Butner Medium II, Federal Correctional Institution, P.O. Box 1500, Butner, NC 27509.

In San Juan P.R. October 11, 2023.

S/RAYMOND L. SANCHEZ MACEIRA
USCA NO. 34191
COUNSEL FOR DEFENDANT
361 DEL PARQUE
MAGDALENA TOWER SUITE 203
SAN JUAN P.R. 00912

# X. ADDENDUM PURSUANT TO LOCAL RULE 28

1.  Judgment Crim. No. 21-233(ADC) Appeal # 23-1204 .................................... 1-7
2.  Judgment Crim. No. 11-241 (ADC) Appeal #23-1205 .................................. 8-12

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of Puerto Rico

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| Kalel Jorell Martinez-Bristol | Case Number:  3:21-cr-00233-01 (ADC) |
| | USM Number:  37597-069 |
| | Raymond L. Sanchez-Maceira, Esq. |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)  One (1) of the Indictment on 10/05/2022.

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | Prohibited Person in Possession of a Firearm and Ammunition: Felon | 6/23/2021 | 1 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  2  ☑ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/6/2023
Date of Imposition of Judgment

S/ Aida M. Delgado-Colón
Signature of Judge

Aida M. Delgado-Colón, U.S. District Judge
Name and Title of Judge

2/6/2023
Date

Addendum Page # 1

AO 245B (Rev. 09/19) Judgment in Criminal Case
       Sheet 2 — Imprisonment

DEFENDANT:   Kalel Jorell Martinez-Bristol
CASE NUMBER:   3:21-cr-00233-01 (ADC)

Judgment — Page   2   of   7  

## IMPRISONMENT

     The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Forty-six (46) months, to be served consecutively with any term imposed at the time of revocation in Case No. 11-cr-241-062 (ADC).

☑  The court makes the following recommendations to the Bureau of Prisons:
      1. That defendant be designated to an institution in Yazoo, MS or Coleman, FL.
      2. That defendant be enrolled in a substance abuse treatment program.
      3. That defendant be enrolled in an vocational training program in any available trade.

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m. ☐ p.m.   on _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
               UNITED STATES MARSHAL

By _____
               DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | Judgment—Page | 3 | of | 7 |

DEFENDANT:   Kalel Jorell Martinez-Bristol
CASE NUMBER:   3:21-cr-00233-01 (ADC)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Three (3) years, to be served concurrently with any term imposed at the time of revocation in Case No. 11-cr-241-062 (ADC).

# MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
      ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.   ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.   ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

| | | | | | |
|---|---|---|---|---|---|
| | | Judgment—Page | 4 | of | 7 |

DEFENDANT:  Kalel Jorell Martinez-Bristol
CASE NUMBER:  3:21-cr-00233-01 (ADC)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature  _____     Date  _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

DEFENDANT: Kalel Jorell Martinez-Bristol
CASE NUMBER: 3:21-cr-00233-01 (ADC)

Judgment—Page __5__ of __7__

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not commit another Federal, state, or local crime, and shall observe the standard conditions of supervised release recommended by the United States Sentencing Commission and adopted by this Court.

2. The defendant shall not unlawfully possess controlled substances and shall refrain from possessing firearms, destructive devices, and other dangerous weapons.

3. The defendant shall participate in transitional and reentry support services, including cognitive behavioral treatment services, under the guidance and supervision of the Probation Officer. The defendant shall remain in the services until satisfactorily discharged by the service provider with the approval of the Probation Officer.

4. The defendant shall participate in a program or course of study aimed at improving educational level and/or complete a vocational training program. In the alternative, he shall participate in a job placement program recommended by the Probation Officer.

5. The defendant shall provide the U.S. Probation Officer access to any financial information upon request.

6. The defendant shall cooperate in the collection of a DNA sample as directed by the Probation Officer, pursuant to the Revised DNA Collection Requirements, and Title 18, U.S. Code Section 3563(a)(9).

7. The defendant shall submit his person, property, house, vehicle, papers, computers (as defined in 18 U.S.C. Section 1030(e)(1)), other electronic communication or data storage devices, and media, to a search conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

8. The defendant shall participate in an approved substance abuse monitoring and/or treatment services program. The defendant shall refrain from the unlawful use of controlled substances and submit to a drug test within fifteen (15) days of release; thereafter, submit to random drug testing, no less than three (3) samples during the supervision period and not to exceed 104 samples per year in accordance with the Drug Aftercare Program Policy of the U.S. Probation Office approved by this Court. If deemed necessary, the treatment will be arranged by the officer in consultation with the treatment provider. The defendant is required to contribute to the cost of services rendered (co-payment) in an amount arranged by the Probation Officer based on the ability to pay or availability of third-party payment.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT: Kalel Jorell Martinez-Bristol
CASE NUMBER: 3:21-cr-00233-01 (ADC)

Judgment — Page ___6___ of ___7___

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | | | |
|---|---|---|---|---|---|
| **TOTALS** | $ | 0.00 | $ | 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT:  Kalel Jorell Martinez-Bristol

CASE NUMBER:  3:21-cr-00233-01 (ADC)

Judgment — Page __7__ of __7__

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ __100.00__ due immediately, balance due

     ☐ not later than _____ , or
     ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names
*(including defendant number)*     Total Amount     Joint and Several Amount     Corresponding Payee, if appropriate

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

Any firearms and ammunition involved or used in the commission of the offense, including but not limited to: a Glock pistol (model 19, 9mm caliber, serial number BFZC517) and approximately 43 rounds of 9mm caliber ammunition.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245D (Rev. 09/19)   Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT
District of Puerto Rico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Kalel J. Martinez-Bristol | ) **JUDGMENT IN A CRIMINAL CASE**<br>) (For **Revocation** of Probation or Supervised Release)<br>)<br>)<br>) Case No.  3:11-cr-00241-62 (ADC)<br>) USM No. 37597-069<br>) Raymond L. Sanchez-Maceira, Esq.<br>Defendant's Attorney |

**THE DEFENDANT:**

☐ admitted guilt to violation of condition(s) _____ of the term of supervision.

☑ was found in violation of condition(s) count(s)  see below _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| Mandatory Condition | "The defendant shall not commit another federal, state or local crime." | 07/15/2021 |
| Mandatory Condition | "The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon." | 07/15/2021 |
| Special Condition No. 2 | "The defendant shall not unlawfully possess any controlled substances and shall refrain from possessing firearms, destructive devices, and other dangerous weapons." | 07/15/2021 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: _____

Defendant's Year of Birth: _____

City and State of Defendant's Residence:

_____

02/09/2023
Date of Imposition of Judgment

S/ Aida M. Delgado-Colón
Signature of Judge

Aida M. Delgado-Colón, U.S. District Judge
Name and Title of Judge

02/09/2023
Date

Addendum Page # 8

AO 245D (Rev. 09/19)    Judgment in a Criminal Case for Revocations
Sheet 2— Imprisonment

DEFENDANT: Kalel J. Martinez-Bristol

CASE NUMBER: 3:11-cr-00241-64 (ADC)

Judgment — Page __2__ of __5__

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

Fifteen (15) months, to be served consecutively with the sentence imposed in Case No. 21-cr-233-01(ADC).

☐  The court makes the following recommendations to the Bureau of Prisons:

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m.  ☐ p.m.   on _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 09/19)    Judgment in a Criminal Case for Revocations
                        Sheet 3 — Supervised Release

DEFENDANT:  Kalel J. Martinez-Bristol

CASE NUMBER:  3:11-cr-00241-64 (ADC)

Judgment—Page ___3___ of ___5___

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

Five (5) years, to be served concurrently with the supervision term imposed in Case No. 21-cr-233-01(ADC).

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Addendum Page # 10

AO 245D (Rev. 09/19)    Judgment in a Criminal Case for Revocations
Sheet 3A — Supervised Release

DEFENDANT:  Kalel J. Martinez-Bristol
CASE NUMBER:  3:11-cr-00241-64 (ADC)

Judgment—Page __4__ of __5__

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.   After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.   You must answer truthfully the questions asked by your probation officer.
5.   You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.   You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.   You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.   You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.   If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245D (Rev. 09/19)    Judgment in a Criminal Case for Revocations
Sheet 3D — Supervised Release

DEFENDANT: Kalel J. Martinez-Bristol

CASE NUMBER: 3:11-cr-00241-64 (ADC)

Judgment—Page __5__ of __5__

## SPECIAL CONDITIONS OF SUPERVISION

Under the same conditions originally imposed on March 27, 2013 and the supervision conditions imposed on February 6, 2023 in Case No. 21-cr-233-01(ADC).